## MARTIN *v.* CREHAN *et al.*

*(Supreme Court, General Term, Third Department.　July 11, 1891.)*

PRACTICE IN CIVIL CASES—NONSUIT.

In an action for goods alleged to have been sold and delivered to defendants jointly, the only evidence for plaintiff was the testimony of his attorney as to a conversation with defendants about a bill. There was no evidence as to any liability on the part of one of the defendants. *Held,* that a nonsuit was properly granted, no claim of individual liability being made against either defendant.

Appeal from circuit court, Albany county.

Action by Henry Martin, as assignee, against Thomas O. Crehan and another for goods alleged to have been sold by plaintiff's assignor to defendants for use in a business carried on by them jointly. A nonsuit was granted, and plaintiff appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*B. R. Haywood,* for appellant. *Galon R. Hitt,* for respondents.

MAYHAM, J. The case does not disclose the precise ground on which the nonsuit was granted, and we have not been favored by the counsel on either side with briefs, and must therefore look through the evidence to ascertain the grounds of the nonsuit for which this appeal is brought. The complaint alleges a joint liability for goods sold and delivered to defendants jointly. We have looked through the case in vain to find any evidence upon which such liability can be predicated. There is some evidence given by the plaintiff's attorney, who was sworn as a witness, of a conversation with the defendants about a bill, but it seems to fall far short of amounting to an admission by them that they were joint debtors. All the direct statements proved were made by the defendant Thomas, and not one word is proved of a declaration or admission by the defendant Sarah. Nor does the proof disclose that she ever, jointly with Thomas or individually, purchased or received any of the goods referred to in the complaint. If the case had been sent to the jury, and a verdict rendered establishing a joint liability, it would have been set aside as wholly unsupported by the evidence. As the allegation in the complaint charged joint liability of both defendants, and made no claim for an individual liability of one of them, the proof must establish a joint liability to entitle the plaintiff to recover against both. At common law, a failure of proof of a joint liability, where one was alleged, would be fatal to the plaintiff's action, as he would be required to establish a joint, and not a several, liability. But this rule seems to have been modified by the Code. *Brunskill* v. *James,* 11 N. Y. 301. But if a recovery in an action like this might be had against one defendant, and the complaint dismissed as to the other, (a proposition which is not necessary to be decided in this case,) still the nonsuit was right as to both defendants in this case, for the reason that the evidence failed to establish a joint liability and an individual liability as well. It is true that the proof shows that the defendant Thomas admitted that he owed the assignor, yet he disputed the amount of account as presented, and, as the evidence stood, the jury would have been left entirely in the dark as to the amount of such indebtedness, and a verdict for any amount upon the evidence as it was left would have at the most been a mere guess, without any reliable *data* on which the jury could predicate a verdict. As the case stood at its close, we think the nonsuit was correct, and that a new trial must be denied. Judgment affirmed, with costs. All concur.